# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
03/11/2015
CT Log Number 526733593

TO:     Tami Fortier-Gomez
        Fox Group Legal
        2121 Avenue of the Stars, Suite 764
        Los Angeles, CA 90067

RE:     **Process Served in California**

FOR:    21st Century Fox America, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brian Jun, Pltf. vs. Fox Group, et al. including 21st Century Fox America Inc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Case Cover Sheet(s), Instructions, Addendum(s) and Statement(s), Complaint, Demand(s), Notice(s), Stipulations, Conference(s), Stipulation(s) and Order(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC574646 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - February 12, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/11/2015 at 14:52 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 10 days after service |
| **ATTORNEY(S) / SENDER(S):** | Edward Yun<br>Yun & Simonian, PC<br>11175 Santa Monica Blvd.<br>Suite 420<br>Los Angeles, CA 90025<br>310-651-9940 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 780333986452<br>Image SOP<br>Email Notification, Janet Nova jnova@21cf.com<br>Email Notification, Tami Fortier-Gomez tami.gomez@fox.com<br>Email Notification, Randy Kender randy.kender@fox.com<br>Email Notification, Patrick Gillham Patrick.Gillham@fox.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

003



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Fox Group, News America Inc., 21st Century Fox America Inc., Fox
Entertainment Group, Inc., and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Brian Jun

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 05 2015

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Sup. Ct. - Stanley Mosk<br><br>111 N Hill Street<br>Los Angeles 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC 5 7 4 6 4 6** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward Yun, Yun & Simonian, PC, 11175 Santa Monica Blvd, Ste 420, Los Angeles, CA 90025, 310.651.9944

| DATE:<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | MYRNA BELTRAN | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 05 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* 21st Century Fox America Inc.

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

004

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Edward Yun (SBN 258245)<br>Yun & Simonian, PC<br>11175 Santa Monica Boulevard, Suite 420<br>Los Angeles, CA 90025<br>TELEPHONE NO.: 310.651.9940   FAX NO.: 323.900.0660<br>ATTORNEY FOR *(Name):* Plaintiff Brian Jun | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**MAR 05 2015**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Myrna Beltran, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Brian Jun v. Fox Group, News America Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BC 574646 |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☑ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* eight (8)
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 26, 2015

Edward Yun, Esq.
_____
(TYPE OR PRINT NAME)   ►   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

006

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jun v. Fox Group, News America Inc. et al. | BC 5 7 4 6 4 6 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 14  ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11) | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |

| SHORT TITLE: Jun v. Fox Group, News America Inc. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)    **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**    Local Rule 2.0<br>LASC Approved 03-04    Page 2 of 4

008

| SHORT TITLE: Jun v. Fox Group, News America Inc. et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jun v. Fox Group, News America Inc. et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. ☑2. ☑3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>10201 W Pico Boulevard |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90035 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __February 26, 2015__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

010

1

**EDWARD YUN (SBN 258245)**
**SEVAHN SIMONIAN (SBN 301881)**

2

**YUN & SIMONIAN, PC**
11175 Santa Monica Blvd., Suite 420

3

Los Angeles, California 90025
Telephone Number:  (310) 651-9940

4

5

Attorney for Plaintiff Brian Jun

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAR 05 2015

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

6

7

8

**SUPERIOR COURT STATE OF CALIFORNIA**

9

**COUNTY OF LOS ANGELES**

10

11

Brian Jun,

12

Plaintiff,

13

14

v.

15

Fox Group, News America Inc., 21st Century
Fox America Inc., Fox Entertainment Group,

16

Inc., and DOES 1 to 100, inclusive,

17

Defendants.

18

19

20

21

22

23

24

25

26

27

28

*(left margin, vertical text)* YUN & SIMONIAN, PC  11175 SANTA MONICA BLVD., SUITE 420  LOS ANGELES, CA 90025

Case Number:  **BC 5 7 4 6 4 6**

**COMPLAINT FOR DAMAGES FOR:**

1) **Unlawful Violation of the California Family Rights Act**
2) **Unlawful Retaliation in Violation of the California Family Rights Act**
3) **Unlawful Violation of the Family Medical Leave Act**
4) **Unlawful Retaliation in Violation of the Family Medical Leave Act**
5) **Unlawful Associational Disability Discrimination in Violation of the Fair Housing and Employment Act**
6) **Unlawful Associational Pregnancy Discrimination in Violation of the Fair Housing and Employment Act**
7) **Failure to Prevent Discrimination and/or Retaliation in Violation of the Fair Housing and Employment Act**
8) **Wrongful Termination in Violation of Public Policy**

**DEMAND FOR JURY TRIAL**

Plaintiff Brian Jun hereby brings his complaint against Defendants Fox Group, News

1

COMPLAINT

011

America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc. (collectively "FOX" and/or "DEFENDANTS"), and Does 1 through 100, inclusive, and alleges as follows:

## GENERAL ALLEGATIONS

1.  The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 100, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations.

2.  Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a Doe is responsible in some manner and liable herein for negligent, wanton, reckless, and tortious conduct, strict liability, and by such wrongful conduct, proximately caused the Plaintiff's injuries and damages.

3.  At all times mentioned herein, Plaintiff was and is a resident of the County of Los Angeles, State of California.

4.  Defendants FOX and Does 1 through 50, were corporations, associations, partnerships, joint ventures, or other business entities, organized and existing under the laws of the State of California and at all times herein mentioned conducted business in the State of California, and throughout the County of Los Angeles.

5.  Defendants Does 51 through 100, were individuals who were the agents, employees, members, volunteers, servants, partners, representatives, independent contractors, joint venturers or other participants with or of Defendants FOX, and Does 1 through 50, and in doing the things hereinafter mentioned, were acting within the course and scope of said agency, employment, membership or other relationship with said Defendants. At all times herein mentioned, Defendants Does 51 through 100 were employees of Defendants FOX and Does 1 through 50 who held supervisory positions within the company.

6.  At all times herein mentioned, DEFENDANTS, whether or not specifically identified

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD, SUITE 420
LOS ANGELES, CA 90025

2
COMPLAINT

012

1    or designated herein as a Doe, and each of them, were the agents, employees, servants, partners,

2    independent contractors, joint venturers and participants with all other Defendants, and with each

3    other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners,

4    joint venturers, and with the consent and permission of the co-Defendants, and each of them.

5         7.   Whenever in this Complaint reference is made to DEFENDANTS, such allegation, as

6    herein above alluded to, shall be deemed to mean the acts or omissions of FOX and Does 1 to 100,

7    inclusive, herein acting jointly and/or severally.

8

9                **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10        8.   Plaintiff Brian Jun was a dedicated and successful tax planning manager for

11   Defendants FOX for over a year. In fact, Plaintiff's supervisor Shelly Nahass, Senior Vice President

12   of Tax Planning, gave Mr. Jun an outstanding mid-year review along with a discretionary bonus.

13        9.   In or around May 2013, Plaintiff Jun's wife was pregnant and gave birth to the

14   couple's child. Following the delivery, Plaintiff's wife began experiencing severe post-partum

15   depression and related disabilities.

16        10. As of about August 2013, Mr. Jun disclosed his need for reasonable accommodation

17   to care for his wife and newborn child to FOX and supervisor Shelly Nahass. Plaintiff advised Ms.

18   Nahass that he would be seeking a leave that qualified for protection under the Family Medical

19   Leave Act ("FMLA") and the California Family Rights Act ("CFRA") beginning in or around

20   December 2013. Approximately a week after his conversation with Shelly Nahass, Plaintiff Brian

21   Jun submitted a formal request for a FMLA/CFRA-qualifying leave.

22        11. FOX's Vice President of Tax Planning Shelly Nahass reacted negatively to Plaintiff

23   Brian Jun's familial situation and impending need to take a protected leave of absence. Ms. Nahass

24   began treating Mr. Jun differently from other similarly situated employees who were not preparing

25   to go on a leave of absence. For instance, Defendant Nahass gave Plaintiff Brian Jun written

26   warnings for the same behavior exhibited by colleagues outside of his protected classifications who

27   received no analogous discipline.

28        12. Despite Shelly Nahass's harassing and discriminatory behavior, Plaintiff began his

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

3
COMPLAINT

013

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1    FMLA and CFRA-protected leave as of approximately December 2013.

2        13. Upon Plaintiff's return to work, Defendants FOX aggressively retaliated against

3    Brian Jun, culminating in the wrongful termination of Plaintiff Brian Jun on or about February 12,

4    2014, for no other reason than (a) in retaliation for having taken a leave of absence under FMLA and

5    CFRA to care for his disabled wife and child, and (b) discriminatorily due to his association with his

6    recently pregnant and disabled spouse.

7        14. Plaintiff has timely filed a complaint with the California Department of Fair

8    Employment and Housing, has complied with all the administrative requirements of that agency. The

9    Department of Fair Employment and Housing issued "Right-To-Sue Notices" to Plaintiff on

10   February 3, 2015.

11

12                          **FIRST CAUSE OF ACTION**

13   **UNLAWFUL VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT [Government**

14                              **Code §12945.2]**

15   **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

16                 **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

17       15. Plaintiff restates and incorporates by reference each and every allegation contained in

18   paragraphs 1 through 15, inclusive, as though fully set forth herein.

19       16. The above described actions by DEFENDANTS FOX and DOES 1 through 100,

20   inclusive, and/or their agents/employees, constitute unlawful violation of the California Family

21   Rights Act, codified in Government Code section 12945.2.

22       17. At all material times, Plaintiff was a qualified employee for all positions he held or

23   applied for, and he performed each and every material covenant and condition of said employee in a

24   satisfactory manner.

25       18. Plaintiff is a member of the class of persons entitled to protected medical and/or

26   family leave under the California Family Rights Act, embodied in Government Code section

27   12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants FOX and worked

28   in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month

1    period prior to his requested and/or taken leaves. Further, Plaintiff qualified for family care and
2    medical leave due to the birth of his child and the serious health condition of his spouse.

3         19. Defendants FOX, business entities form unknown, and DOES 1 through 50 and each
4    of them are employers covered by and subject to the California Family Rights Act because
5    DEFENDANT employed fifty (50) or more full- or part-time employees for each working day of
6    each of the twenty (20) calendar weeks preceding and following the leave periods.

7         20. Defendants FOX and DOES 1 through 100 violated the California Family Rights Act
8    by refusing to allow Plaintiff to take required leave and otherwise discouraging him from taking
9    required leave. Defendants committed the aforesaid unlawful employment practices by, without
10   limitation: (a) discouraging Plaintiff from taking protected leave; (b) pressuring Plaintiff to return
11   early from his leave; (c) discriminating against Plaintiff for requesting and taking a protected leave;
12   and (c) terminating Plaintiff because he took a leave.

13        21. Defendants FOX and DOES 1 through 100 took adverse action against Plaintiff,
14   including, but not limited to, demoting, suspending, providing both written and verbal warnings,
15   failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing
16   pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment
17   because of his exercise of his right to family care and medical leave under the California Family
18   Rights Act.

19        22. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and
20   each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and
21   was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment
22   free of discrimination based on the exercise of one's right to family care and medical leave under the
23   California Family Right Act, so as to entitle Plaintiff to punitive damages to punish and set an
24   example of said Defendants.

25        23. As a direct and proximate result of the aforementioned acts and omissions of
26   DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the
27   jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of
28   salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

5
COMPLAINT

015

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1  damages at the legal rate; c) consequential damages, including damages for shame, humiliation,

2  mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general

3  damages.

4      24. As a proximate result of the foregoing conduct, which violated the provisions of

5  Government Code §12945.2, Plaintiff has been forced to and will incur attorney's fees and costs in

6  the prosecution of this claim, in an amount to be proven at trial.

7

8      <u>**SECOND CAUSE OF ACTION**</u>

9  **UNLAWFUL RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS**

10  **ACT [Government Code §12945.2]**

11  **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

12  **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

13      25. Plaintiff restates and incorporates by reference each and every allegation contained in

14  paragraphs 1 through 15, inclusive, as though fully set forth herein.

15      26. The above described actions by Defendants FOX and DOES 1 through 100, inclusive,

16  and/or their agents/employees, constitute unlawful violation of the California Family Rights Act,

17  codified in Government Code section 12945.2.

18      27. At all material times, Plaintiff was a qualified employee for all positions he held or

19  applied for, and he performed each and every material covenant and condition of said employee in a

20  satisfactory manner.

21      28. Plaintiff is a member of the class of persons entitled to protected medical and/or

22  family leave under the California Family Rights Act, embodied in Government Code section

23  12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants FOX and worked

24  in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month

25  period prior to his requested and/or taken leaves. Further, Plaintiff qualified for family care and

26  medical leave due to the birth of his child and the serious health condition of his spouse.

27      29. Defendants FOX, business entities form unknown, and DOES 1 through 50 and each

28  of them are employers covered by and subject to the California Family Rights Act because

1 | DEFENDANT employed fifty (50) or more full- or part-time employees for each working day of
2 | each of the twenty (20) calendar weeks preceding and following the leave periods.

3 |        30. Defendants violated the California Family Rights Act by retaliating against Plaintiff
4 | because he sought to exercise and/or did exercise his rights under the California Family Rights Act.
5 | In particular, Defendants FOX and Does 1 through 100 took adverse action against Plaintiff,
6 | including, but not limited to, demoting, suspending, providing both written and verbal warnings,
7 | failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing
8 | pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment
9 | because of his exercise of his right to family care and medical leave under the California Family
10 | Rights Act.

11 |        31. In engaging in the aforementioned conduct, DEFENDANTS, and each of them,
12 | aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the
13 | announced policy of this State against such practices.

14 |        32. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and
15 | each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and
16 | was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment
17 | free of retaliation based on the exercise of one's right to family care and medical leave under the
18 | California Family Right Act, so as to entitle Plaintiff to punitive damages to punish and set an
19 | example of said Defendants., so as to entitle Plaintiff to punitive damages to punish and set an
20 | example of said Defendants.

21 |        33. As a direct and proximate result of the aforementioned acts and omissions of
22 | DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the
23 | jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of
24 | salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of
25 | damages at the legal rate; c) consequential damages, including damages for shame, humiliation,
26 | mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general
27 | damages.

28 |        34. As a proximate result of the foregoing conduct, which violated the provisions of

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

7

COMPLAINT

017

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1 | Government Code §12945.2, Plaintiff has been forced to and will incur attorney's fees and costs in

2 | the prosecution of this claim, in an amount to be proven at trial.

3

4 | **THIRD CAUSE OF ACTION**

5 | **UNLAWFUL VIOLATION OF THE FAMILY MEDICAL LEAVE ACT [29 U.S.C. §2615]**

6 | **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

7 | **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

8 | 35. Plaintiff restates and incorporates by reference each and every allegation contained in

9 | paragraphs 1 through 15, inclusive, as though fully set forth herein.

10 | 36. The above described actions by Defendants FOX and Does 1 through 100, inclusive,

11 | and/or their agents/employees, constitute unlawful FMLA discrimination and interference in

12 | violation of the Family and Medical Leave Act, codified in 29 U.S.C. §2615.

13 | 37. At all times herein mentioned, DEFENDANTS were "employers" under the Family

14 | and Medical Leave Act and, specifically, 29 U.S.C. section 2611(4).

15 | 38. At all times herein mentioned, Plaintiff was an "eligible employee" under the Family

16 | and Medical Leave Act and, specifically, 29 U.S.C. section 2611(2).

17 | 39. Defendants FOX and DOES 1 through 100 violated the Family Medical Leave Act by

18 | refusing to allow Plaintiff to take required leave and otherwise discouraging him from taking

19 | required leave. Defendants committed the aforesaid unlawful employment practices by, without

20 | limitation: (a) discouraging Plaintiff from taking protected leave; (b) pressuring Plaintiff to return

21 | early from his leave; (c) discriminating against Plaintiff for requesting and taking a protected leave;

22 | and (c) terminating Plaintiff because he took a leave.

23 | 40. Defendants FOX and DOES 1 through 100 took adverse action against Plaintiff,

24 | including, but not limited to, demoting, suspending, providing both written and verbal warnings,

25 | failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing

26 | pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment

27 | because of his exercise of his right to family care and medical leave under the Family Medical Leave

28 | Act.

41. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination based on the exercise of one's right to family care and medical leave under the Family Medical Leave Act, so as to entitle Plaintiff to liquidated damages.

42. As a direct and proximate result of the aforementioned acts and omissions of DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; and c) other general damages.

43. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial, which are recoverable under 29 U.S.C. §2617(a)(3).

## FOURTH CAUSE OF ACTION

### UNLAWFUL RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

### [29 U.S.C. §2615]

**(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

44. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

45. DEFENDANTS FOX and Does 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code § 12940, et seq.

46. The above described actions by Defendants FOX and Does 1 through 100, inclusive, and/or their agents/employees, constitute unlawful FMLA discrimination and interference in violation of the Family and Medical Leave Act, codified in 29 U.S.C. §2615.

47. At all times herein mentioned, DEFENDANTS were "employers" under the Family

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD, SUITE 420
LOS ANGELES, CA 90025

9
COMPLAINT

019

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1  and Medical Leave Act and, specifically, 29 U.S.C. section 2611(4).

2  48. At all times herein mentioned, Plaintiff was an "eligible employee" under the Family
3  and Medical Leave Act and, specifically, 29 U.S.C. section 2611(2).

4  49. DEFENDANTS violated the Family Medical Leave Act by retaliating against
5  Plaintiff because he sought to exercise and/or did exercise his rights under the Family Medical Leave
6  Act. In particular, Defendants FOX and Does 1 through 100 took adverse action against Plaintiff,
7  including, but not limited to, demoting, suspending, providing both written and verbal warnings,
8  failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing
9  pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment
10  because of his exercise of his right to family care and medical leave under the Family Medical Leave
11  Act.

12  50. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and
13  each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and
14  was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment
15  free of retaliation based on the exercise of one's right to family care and medical leave under the
16  Family Medical Leave Act, so as to entitle Plaintiff to liquidated damages.

17  51. As a direct and proximate result of the aforementioned acts and omissions of
18  DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the
19  jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of
20  salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of
21  damages at the legal rate; and c) other general damages.

22  52. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will
23  incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial,
24  which are recoverable under 29 U.S.C. §2617(a)(3).

25

26  **FIFTH CAUSE OF ACTION**

27  **UNLAWFUL ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF**

28  **THE FAIR EMPLOYMENT AND HOUSING ACT [Government Code §§ 12926 &**

12940, et seq.]

(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc. and DOES 1 to 100, inclusive)

53. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

54. Defendant FOX and Does 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code §§ 12926 and 12940, et seq.

55. At all material times, Plaintiff was a qualified employee associated with a person, namely his wife, who suffered from disabilities that limited one or more major life activities as described herein or, alternatively, a person who DEFENDANTS regarded as suffering from a disability or viewed as having a record of having a disability.

56. Plaintiff was at all times able to perform the essential functions of his job.

57. DEFENDANTS, and each of them, knew of Plaintiff's wife's disabilities and knew, or should have known, that they fell within the definition of disability under Government Code §12926. DEFENDANTS further knew, or should have known, that despite his wife's disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

58. Despite its knowledge of the foregoing, DEFENDANTS took adverse action against Plaintiff, including, but not limited to, demoting, suspending, providing both written and verbal warnings, failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment because of his association with a person, namely his wife, who suffered from disabilities.

59. In engaging in the foregoing conduct, Defendants FOX and Does 1 through 100 aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

60. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

11
COMPLAINT

021

1   each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and

2   was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment

3   free of discrimination based on his association with a person suffering from disabilities, so as to

4   entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

5          61. As a direct and proximate result of the aforementioned acts and omissions of

6   Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of

7   this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other

8   valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the

9   legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and

10  emotional distress caused by the conduct of Defendant; and d) other general damages.

11         62. As a proximate result of the foregoing conduct, which violated the provisions of

12  Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and

13  costs in the prosecution of this claim, in an amount to be proven at trial.

14

15                              **SIXTH CAUSE OF ACTION**

16  **UNLAWFUL ASSOCIATIONAL PREGNANCY DISCRIMINATION IN VIOLATION OF**

17  **THE FAIR EMPLOYMENT AND HOSUING ACT [Government Code §§ 12926 & 12940, et**

18                                      **seq.]]**

19  **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

20                  **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

21         63. Plaintiff restates and incorporates by reference each and every allegation contained in

22  paragraphs 1 through 15, inclusive, as though fully set forth herein.

23         64. Defendants FOX and Does 1 through 100, and/or their agents/employees, are entities

24  or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code §§

25  12926 and 12940, et seq.

26         65. At all material times, Plaintiff was a qualified employee associated with a person,

27  namely his wife, who was pregnant as described herein or, alternatively, a person who

28  DEFENDANTS knew was pregnant and/or had been pregnant.

*(left margin)* YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

12
COMPLAINT

022

1    66. Plaintiff was at all times able to perform the essential functions of his job.

2    67. DEFENDANTS, and each of them, knew of Plaintiff's wife's pregnancy.

3    68. Despite its knowledge of the foregoing, DEFENDANTS took adverse action against

4    Plaintiff, including, but not limited to, demoting, suspending, providing both written and verbal

5    warnings, failing to promote, decreasing job responsibilities, issuing poor performance reviews,

6    decreasing pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his

7    employment because of his association with a person, namely his wife, who was and/or had been

8    pregnant.

9    69. In engaging in the foregoing conduct, Defendants FOX and Does 1 through 100

10   aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in

11   violation of California's Fair Employment and Housing Act.

12   70. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and

13   each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and

14   was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment

15   free of discrimination based on his association with a person who was and/or had been pregnant, so

16   as to entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

17   71. As a direct and proximate result of the aforementioned acts and omissions of

18   Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of

19   this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other

20   valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the

21   legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and

22   emotional distress caused by the conduct of Defendant; and d) other general damages.

23   72. As a proximate result of the foregoing conduct, which violated the provisions of

24   Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and

25   costs in the prosecution of this claim, in an amount to be proven at trial.

26

27                              **SEVENTH CAUSE OF ACTION**

28          **FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT**

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD, SUITE 420
LOS ANGELES, CA 90025

13

023

## DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF THE FAIR

## EMPLOYMENT AND HOUSING ACT [Government Code § 12940, et seq.]

**(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

73. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 73, inclusive, as though fully set forth herein.

74. Defendants FOX and Does 1 through 100, and/or their agents/employees, failed to take all reasonable steps necessary to prevent discrimination and/or retaliation in employment from occurring. Further, said Defendants knew or should have known of the discrimination and/or retaliation against Plaintiff described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination and/or retaliation, and failed to take immediate and appropriate corrective action so as to discipline any of the offenders.

75. The response of Defendants FOX and Does 1 through 100, and/or their agents/employees to that knowledge was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and action and the injuries suffered by Plaintiff.

76. By failing to take all reasonable steps necessary to prevent discrimination and/or retaliation, and by failing to properly investigate and remedy the discrimination and/or retaliation that occurred, Defendants FOX and Does 1 through 100 committed unlawful employment practices as described and prohibited in Government Code §12940(k).

77. In engaging in the aforementioned conduct, DEFENDANTS, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

78. As a direct and foreseeable result of the aforementioned acts and omissions of DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation,

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1 | mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general
2 | damages.

3 | 79. The above described acts of DEFENDANTS, by and through their managing agents,
4 | officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional
5 | manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and
6 | Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within
7 | the meaning of Civil Code §3294. Plaintiff requests an assessment of punitive damages against
8 | Defendants, in an amount to be proven at time of trial.

9 | 80. As a proximate result of the foregoing conduct, which violated the provisions of
10 | Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and
11 | costs in the prosecution of this claim, in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

81. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 81, inclusive, as though fully set forth herein.

82. DEFENDANTS' termination of Plaintiff's employment violates public policy as set forth in both state and federal laws, including Government Code § 12940, et seq., which prohibit discriminatory and retaliatory practices in the workplace.

83. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination and retaliation based on the (a) exercise of Plaintiff's rights to family care and medical leave under the California Family Rights Act, (b) exercise of Plaintiff's reights to family care and medical leave under the Family Medical Leave Act, (c) association with a disabled person, and (d) association with a pregnant person, so as to entitle Plaintiff to punitive damages to punish

15
COMPLAINT

025

1    and set an example of said Defendants.

2          84. As a direct and proximate result of the aforementioned acts and omissions of

3    Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of

4    this Court, the exact amount to be proven at trial. Such damages include (a) loss of salary and other

5    valuable employment benefits; (b) pre-judgment interest and interest on the sum of damages at the

6    legal rate; (c) consequential damages, including damages for shame, humiliation, mental anguish,

7    and emotional distress caused by the conduct of Defendants; and (d) other general damages.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   \\\

28   \\\

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

16
COMPLAINT

026

1

### PRAYER FOR RELIEF

2      WHEREFORE, Plaintiff Brian Jun prays judgment against the DEFENDANTS, and each of

3  them, as follows:

4      A.    For general and special damages according to proof;

5      B.    For loss of earnings and earning capacity and/or other economic damages, according

6  to proof;

7      C.    For pre-judgment interest to the extent allowed by law;

8      D.    For punitive, exemplary, and/or liquidated damages in an amount to punish

9  Defendants or as otherwise allowed by law;

10     E.    For attorney's fees in prosecuting this action (except on the Eighth Cause of Action);

11     F.    For permanent injunctive relief to stop the illegal practices complained of above;

12     G.    For costs of suit; and,

13     H.    For such other and further relief as the Court deems just and proper.

14

15

16  DATED: March 4, 2015                    Respectfully Submitted,
                                            **YUN & SIMONIAN, PC**

17

18

19

20                                   By: _____
                                         Edward Yun, Esq.

21                                       Attorney for Plaintiff Brian Jun

22

23

24

25

26

27

28

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

17
COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Brian Jun hereby demands trial by jury on all issues so triable in the Complaint.

DATED: March 4, 2015

Respectfully Submitted,
**YUN & SIMONIAN, PC**

By: _____
Edward Yun, Esq.
Attorney for Plaintiff Brian Jun

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

18
COMPLAINT

028

**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>   BC 5 7 4 6 4 6

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Mitchell L. Beckloff | 51 | 511 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Terry A. Green | 14 | 300 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Richard Fruin | 15 | 307 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Rita Miller | 16 | 306 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Michael Johnson | 56 | 514 |
| Hon. Stephanie Bowick | 19 | 311 | Hon Rolf M. Treu | 58 | 516 |
| Hon Dalila Corral Lyons | 20 | 310 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mark Mooney | 68 | 617 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. William F. Fahey | 69 | 621 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Gregory Alarcon | 36 | 410 | | | |
| Hon. Marc Marmaro | 37 | 413 | | | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | |
| Hon. Elizabeth Feffer | 39 | 415 | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Frederick C. Shaller | 46 | 500 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Debre Katz Weintraub | 47 | 507 | *Provisionally Complex Non-Class Action Cases | | |
| Hon. Elizabeth Allen White | 48 | 506 | Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev05/14)    **NOTICE OF CASE ASSIGNMENT –**    Page 1 of 2
LASC Approved 05-06
For Optional Use    **UNLIMITED CIVIL CASE**

029

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

030

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

032

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.     Be filed within two (2) court days of receipt of the Request; and

iv.     Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use ·
**STIPULATION – DISCOVERY RESOLUTION**
Page 2 of 3

033

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR_____)

➤ _____
(ATTORNEY FOR_____)

➤ _____
(ATTORNEY FOR_____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

034

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

035

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
             (INSERT DATE)                                    (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*General Information*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
       (TYPE OR PRINT NAME)

Date:

_____
       (TYPE OR PRINT NAME)

Date:

_____
       (TYPE OR PRINT NAME)

Date:

_____
       (TYPE OR PRINT NAME)

Date:

_____
       (TYPE OR PRINT NAME)

Date:

_____
       (TYPE OR PRINT NAME)

Date:

_____
       (TYPE OR PRINT NAME)

➤ _____
       (ATTORNEY FOR PLAINTIFF)

➤ _____
       (ATTORNEY FOR DEFENDANT)

➤ _____
       (ATTORNEY FOR DEFENDANT)

➤ _____
       (ATTORNEY FOR DEFENDANT)

➤ _____
       (ATTORNEY FOR _____)

➤ _____
       (ATTORNEY FOR _____)

➤ _____
       (ATTORNEY FOR _____)

036

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

039

 **CT Corporation**

**Service of Process Transmittal**
03/11/2015
CT Log Number 526733765

**TO:**   Tami Fortier-Gomez
Fox Group Legal
2121 Avenue of the Stars, Suite 764
Los Angeles, CA 90067

**RE:**   **Process Served in California**

**FOR:**   Fox Entertainment Group, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brian Jun, Pltf. vs. Fox Group, et al. including Fox Entertainment Group, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Case Cover Sheet(s), Instructions, Addendum(s) and Statement(s), Complaint, Demand(s), Notice(s), Stipulations, Conference(s), Stipulation(s) and Order(s) |
| **COURT/AGENCY:** | Los Angeles County – Superior Court – Hill Street, CA<br>Case # BC574646 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - February 12, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/11/2015 at 14:52 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Edward Yun<br>Yun & Simonian, PC<br>11175 Santa Monica Blvd.<br>Suite 420<br>Los Angeles, CA 90025<br>310-651-9940 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 780333986452<br>Image SOP<br>Email Notification, Patrick Gillham Patrick.Gillham@fox.com<br>Email Notification, Donna Pierce Donna.Pierce@fox.com<br>Email Notification, Tami Fortier-Gomez tami.gomez@fox.com<br>Email Notification, Randy Kender randy.kender@fox.com<br>Email Notification, Valerie Vestal valerie.vestal@wolterskluwer.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

040

7/11 @ 2:52 pm

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br><br> Fox Group, News America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc., and DOES 1 to 100, inclusive <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> Brian Jun | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **CONFORMED COPY** <br> **ORIGINAL FILED** <br> Superior Court of California <br> County of Los Angeles <br><br> **MAR 0 5 2015** <br><br> Sherri R. Carter, Executive Officer/Clerk <br><br> By Myrna Beltran, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles Sup. Ct. - Stanley Mosk <br> 111 N Hill Street <br> Los Angeles 90012 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **BC 5 7 4 6 4 6** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward Yun, Yun & Simonian, PC, 11175 Santa Monica Blvd, Ste 420, Los Angeles, CA 90025, 310.651.9944

| DATE: <br> *(Fecha)* | **SHERRI R. CARTER** | Clerk, by <br> *(Secretario)* | **MYRNA BELTRAN** | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

**MAR 0 5 2015**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FOX ENTERTAINMENT GROUP, INC.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

041

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Edward Yun (SBN 258245)<br>Yun & Simonian, PC<br>11175 Santa Monica Boulevard, Suite 420<br>Los Angeles, CA 90025<br>TELEPHONE NO.: 310.651.9940      FAX NO.: 323.900.0660<br>ATTORNEY FOR (Name): Plaintiff Brian Jun | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 05 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Myrna Beltran, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Brian Jun v. Fox Group, News America Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 574646 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): eight (8)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 26, 2015
Edward Yun, Esq.
_____
(TYPE OR PRINT NAME)                                    ▶              _____
                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

042

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

043

| SHORT TITLE: Jun v. Fox Group, News America Inc. et al. | CASE NUMBER BC 5 7 4 6 4 6 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 14 __ ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)        **CIVIL CASE COVER SHEET ADDENDUM**        Local Rule 2.0
LASC Approved 03-04              **AND STATEMENT OF LOCATION**             Page 1 of 4

044

| SHORT TITLE: Jun v. Fox Group, News America Inc. et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1. ②. ⑤. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

045

| SHORT TITLE: Jun v. Fox Group, News America Inc. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jun v. Fox Group, News America Inc. et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>10201 W Pico Boulevard |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90035 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: **February 26, 2015**

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

047

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 05 2015

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

1   **EDWARD YUN (SBN 258245)**
    **SEVAHN SIMONIAN (SBN 301881)**
2   **YUN & SIMONIAN, PC**
    11175 Santa Monica Blvd., Suite 420
3   Los Angeles, California 90025
    Telephone Number: (310) 651-9940
4

5   Attorney for Plaintiff Brian Jun

6

7

8                **SUPERIOR COURT STATE OF CALIFORNIA**

9                       **COUNTY OF LOS ANGELES**

10

11  Brian Jun,                                Case Number:   **BC 5 7 4 6 4 6**

12          Plaintiff,

13          v.                                **COMPLAINT FOR DAMAGES FOR:**

14                                            1)  **Unlawful Violation of the California**
    Fox Group, News America Inc., 21st Century     **Family Rights Act**
15  Fox America Inc., Fox Entertainment Group,  2)  **Unlawful Retaliation in Violation of**
    Inc., and DOES 1 to 100, inclusive,            **the California Family Rights Act**
16                                            3)  **Unlawful Violation of the Family**
                                                   **Medical Leave Act**
17          Defendants.                       4)  **Unlawful Retaliation in Violation of**
                                                   **the Family Medical Leave Act**
18                                            5)  **Unlawful Associational Disability**
                                                   **Discrimination in Violation of the Fair**
19                                                 **Housing and Employment Act**
                                              6)  **Unlawful Associational Pregnancy**
20                                                 **Discrimination in Violation of the Fair**
                                                   **Housing and Employment Act**
21                                            7)  **Failure to Prevent Discrimination**
                                                   **and/or Retaliation in Violation of the**
22                                                 **Fair Housing and Employment Act**
23                                            8)  **Wrongful Termination in Violation of**
                                                   **Public Policy**
24

25                                            **DEMAND FOR JURY TRIAL**

26

27

28          Plaintiff Brian Jun hereby brings his complaint against Defendants Fox Group, News

                                               1
                                          COMPLAINT

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD, SUITE 420
LOS ANGELES, CA 90025

1  America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc. (collectively "FOX"
2  and/or "DEFENDANTS"), and Does 1 through 100, inclusive, and alleges as follows:

4  **GENERAL ALLEGATIONS**

5  1.  The true names, identities, or capacities whether individual, corporate, associate, or
6  otherwise, of Defendants Does 1 through 100, inclusive, are unknown to the Plaintiff, who therefore
7  sues said Defendants by such fictitious names. When the true names, identities or capacities of such
8  fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this
9  Complaint and to insert said true names, identities, and capacities, together with the proper charging
10 allegations.

11 2.  Plaintiff is informed and believes and thereon alleges that each of the Defendants
12 sued herein as a Doe is responsible in some manner and liable herein for negligent, wanton, reckless,
13 and tortious conduct, strict liability, and by such wrongful conduct, proximately caused the
14 Plaintiff's injuries and damages.

15 3.  At all times mentioned herein, Plaintiff was and is a resident of the County of Los
16 Angeles, State of California.

17 4.  Defendants FOX and Does 1 through 50, were corporations, associations,
18 partnerships, joint ventures, or other business entities, organized and existing under the laws of the
19 State of California and at all times herein mentioned conducted business in the State of California,
20 and throughout the County of Los Angeles.

21 5.  Defendants Does 51 through 100, were individuals who were the agents, employees,
22 members, volunteers, servants, partners, representatives, independent contractors, joint venturers or
23 other participants with or of Defendants FOX, and Does 1 through 50, and in doing the things
24 hereinafter mentioned, were acting within the course and scope of said agency, employment,
25 membership or other relationship with said Defendants. At all times herein mentioned, Defendants
26 Does 51 through 100 were employees of Defendants FOX and Does 1 through 50 who held
27 supervisory positions within the company.

28 6.  At all times herein mentioned, DEFENDANTS, whether or not specifically identified

049

1   or designated herein as a Doe, and each of them, were the agents, employees, servants, partners,

2   independent contractors, joint venturers and participants with all other Defendants, and with each

3   other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners,

4   joint venturers, and with the consent and permission of the co-Defendants, and each of them.

5        7.   Whenever in this Complaint reference is made to DEFENDANTS, such allegation, as

6   herein above alluded to, shall be deemed to mean the acts or omissions of FOX and Does 1 to 100,

7   inclusive, herein acting jointly and/or severally.

8

9        **<u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>**

10       8.   Plaintiff Brian Jun was a dedicated and successful tax planning manager for

11  Defendants FOX for over a year. In fact, Plaintiff's supervisor Shelly Nahass, Senior Vice President

12  of Tax Planning, gave Mr. Jun an outstanding mid-year review along with a discretionary bonus.

13       9.   In or around May 2013, Plaintiff Jun's wife was pregnant and gave birth to the

14  couple's child. Following the delivery, Plaintiff's wife began experiencing severe post-partum

15  depression and related disabilities.

16       10. As of about August 2013, Mr. Jun disclosed his need for reasonable accommodation

17  to care for his wife and newborn child to FOX and supervisor Shelly Nahass. Plaintiff advised Ms.

18  Nahass that he would be seeking a leave that qualified for protection under the Family Medical

19  Leave Act ("FMLA") and the California Family Rights Act ("CFRA") beginning in or around

20  December 2013. Approximately a week after his conversation with Shelly Nahass, Plaintiff Brian

21  Jun submitted a formal request for a FMLA/CFRA-qualifying leave.

22       11. FOX's Vice President of Tax Planning Shelly Nahass reacted negatively to Plaintiff

23  Brian Jun's familial situation and impending need to take a protected leave of absence. Ms. Nahass

24  began treating Mr. Jun differently from other similarly situated employees who were not preparing

25  to go on a leave of absence. For instance, Defendant Nahass gave Plaintiff Brian Jun written

26  warnings for the same behavior exhibited by colleagues outside of his protected classifications who

27  received no analogous discipline.

28       12. Despite Shelly Nahass's harassing and discriminatory behavior, Plaintiff began his

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1   FMLA and CFRA-protected leave as of approximately December 2013.

2         13. Upon Plaintiff's return to work, Defendants FOX aggressively retaliated against

3   Brian Jun, culminating in the wrongful termination of Plaintiff Brian Jun on or about February 12,

4   2014, for no other reason than (a) in retaliation for having taken a leave of absence under FMLA and

5   CFRA to care for his disabled wife and child, and (b) discriminatorily due to his association with his

6   recently pregnant and disabled spouse.

7         14. Plaintiff has timely filed a complaint with the California Department of Fair

8   Employment and Housing, has complied with all the administrative requirements of that agency. The

9   Department of Fair Employment and Housing issued "Right-To-Sue Notices" to Plaintiff on

10  February 3, 2015.

11

12  **FIRST CAUSE OF ACTION**

13  **UNLAWFUL VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT [Government**

14  **Code §12945.2]**

15  **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

16  **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

17        15. Plaintiff restates and incorporates by reference each and every allegation contained in

18  paragraphs 1 through 15, inclusive, as though fully set forth herein.

19        16. The above described actions by DEFENDANTS FOX and DOES 1 through 100,

20  inclusive, and/or their agents/employees, constitute unlawful violation of the California Family

21  Rights Act, codified in Government Code section 12945.2.

22        17. At all material times, Plaintiff was a qualified employee for all positions he held or

23  applied for, and he performed each and every material covenant and condition of said employee in a

24  satisfactory manner.

25        18. Plaintiff is a member of the class of persons entitled to protected medical and/or

26  family leave under the California Family Rights Act, embodied in Government Code section

27  12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants FOX and worked

28  in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) months

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD, SUITE 420
LOS ANGELES, CA 90025

051

1    period prior to his requested and/or taken leaves. Further, Plaintiff qualified for family care and
2    medical leave due to the birth of his child and the serious health condition of his spouse.

3        19. Defendants FOX, business entities form unknown, and DOES 1 through 50 and each
4    of them are employers covered by and subject to the California Family Rights Act because
5    DEFENDANT employed fifty (50) or more full- or part-time employees for each working day of
6    each of the twenty (20) calendar weeks preceding and following the leave periods.

7        20. Defendants FOX and DOES 1 through 100 violated the California Family Rights Act
8    by refusing to allow Plaintiff to take required leave and otherwise discouraging him from taking
9    required leave. Defendants committed the aforesaid unlawful employment practices by, without
10   limitation: (a) discouraging Plaintiff from taking protected leave; (b) pressuring Plaintiff to return
11   early from his leave; (c) discriminating against Plaintiff for requesting and taking a protected leave;
12   and (c) terminating Plaintiff because he took a leave.

13       21. Defendants FOX and DOES 1 through 100 took adverse action against Plaintiff,
14   including, but not limited to, demoting, suspending, providing both written and verbal warnings,
15   failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing
16   pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment
17   because of his exercise of his right to family care and medical leave under the California Family
18   Rights Act.

19       22. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and
20   each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and
21   was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment
22   free of discrimination based on the exercise of one's right to family care and medical leave under the
23   California Family Right Act, so as to entitle Plaintiff to punitive damages to punish and set an
24   example of said Defendants.

25       23. As a direct and proximate result of the aforementioned acts and omissions of
26   DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the
27   jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of
28   salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD, SUITE 420
LOS ANGELES, CA 90025

052

1  damages at the legal rate; c) consequential damages, including damages for shame, humiliation,

2  mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general

3  damages.

4  24. As a proximate result of the foregoing conduct, which violated the provisions of

5  Government Code §12945.2, Plaintiff has been forced to and will incur attorney's fees and costs in

6  the prosecution of this claim, in an amount to be proven at trial.

7

8  **SECOND CAUSE OF ACTION**

9  **UNLAWFUL RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS**

10  **ACT [Government Code §12945.2]**

11  **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

12  **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

13  25. Plaintiff restates and incorporates by reference each and every allegation contained in

14  paragraphs 1 through 15, inclusive, as though fully set forth herein.

15  26. The above described actions by Defendants FOX and DOES 1 through 100, inclusive,

16  and/or their agents/employees, constitute unlawful violation of the California Family Rights Act,

17  codified in Government Code section 12945.2.

18  27. At all material times, Plaintiff was a qualified employee for all positions he held or

19  applied for, and he performed each and every material covenant and condition of said employee in a

20  satisfactory manner.

21  28. Plaintiff is a member of the class of persons entitled to protected medical and/or

22  family leave under the California Family Rights Act, embodied in Government Code section

23  12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants FOX and worked

24  in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month

25  period prior to his requested and/or taken leaves. Further, Plaintiff qualified for family care and

26  medical leave due to the birth of his child and the serious health condition of his spouse.

27  29. Defendants FOX, business entities form unknown, and DOES 1 through 50 and each

28  of them are employers covered by and subject to the California Family Rights Act because

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

6

053

1    DEFENDANT employed fifty (50) or more full- or part-time employees for each working day of
2    each of the twenty (20) calendar weeks preceding and following the leave periods.

3         30. Defendants violated the California Family Rights Act by retaliating against Plaintiff
4    because he sought to exercise and/or did exercise his rights under the California Family Rights Act.
5    In particular, Defendants FOX and Does 1 through 100 took adverse action against Plaintiff,
6    including, but not limited to, demoting, suspending, providing both written and verbal warnings,
7    failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing
8    pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment
9    because of his exercise of his right to family care and medical leave under the California Family
10   Rights Act.

11        31. In engaging in the aforementioned conduct, DEFENDANTS, and each of them,
12   aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the
13   announced policy of this State against such practices.

14        32. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and
15   each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and
16   was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment
17   free of retaliation based on the exercise of one's right to family care and medical leave under the
18   California Family Right Act, so as to entitle Plaintiff to punitive damages to punish and set an
19   example of said Defendants., so as to entitle Plaintiff to punitive damages to punish and set an
20   example of said Defendants.

21        33. As a direct and proximate result of the aforementioned acts and omissions of
22   DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the
23   jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of
24   salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of
25   damages at the legal rate; c) consequential damages, including damages for shame, humiliation,
26   mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general
27   damages.

28        34. As a proximate result of the foregoing conduct, which violated the provisions of

YUN & SIMONIAN, PC
1175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1    Government Code §12945.2, Plaintiff has been forced to and will incur attorney's fees and costs in

2    the prosecution of this claim, in an amount to be proven at trial.

3

4                                   **THIRD CAUSE OF ACTION**

5    **UNLAWFUL VIOLATION OF THE FAMILY MEDICAL LEAVE ACT [29 U.S.C. §2615]**

6    **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

7                       **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

8            35. Plaintiff restates and incorporates by reference each and every allegation contained in

9    paragraphs 1 through 15, inclusive, as though fully set forth herein.

10           36. The above described actions by Defendants FOX and Does 1 through 100, inclusive,

11   and/or their agents/employees, constitute unlawful FMLA discrimination and interference in

12   violation of the Family and Medical Leave Act, codified in 29 U.S.C. §2615.

13           37. At all times herein mentioned, DEFENDANTS were "employers" under the Family

14   and Medical Leave Act and, specifically, 29 U.S.C. section 2611(4).

15           38. At all times herein mentioned, Plaintiff was an "eligible employee" under the Family

16   and Medical Leave Act and, specifically, 29 U.S.C. section 2611(2).

17           39. Defendants FOX and DOES 1 through 100 violated the Family Medical Leave Act by

18   refusing to allow Plaintiff to take required leave and otherwise discouraging him from taking

19   required leave. Defendants committed the aforesaid unlawful employment practices by, without

20   limitation: (a) discouraging Plaintiff from taking protected leave; (b) pressuring Plaintiff to return

21   early from his leave; (c) discriminating against Plaintiff for requesting and taking a protected leave;

22   and (c) terminating Plaintiff because he took a leave.

23           40. Defendants FOX and DOES 1 through 100 took adverse action against Plaintiff,

24   including, but not limited to, demoting, suspending, providing both written and verbal warnings,

25   failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing

26   pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment

27   because of his exercise of his right to family care and medical leave under the Family Medical Leave

28   Act.

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

8
COMPLAINT

055

41. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination based on the exercise of one's right to family care and medical leave under the Family Medical Leave Act, so as to entitle Plaintiff to liquidated damages.

42. As a direct and proximate result of the aforementioned acts and omissions of DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; and c) other general damages.

43. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial, which are recoverable under 29 U.S.C. §2617(a)(3).

## FOURTH CAUSE OF ACTION

### UNLAWFUL RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

### [29 U.S.C. §2615]

### (Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox Entertainment Group, Inc. and DOES 1 to 100, inclusive)

44. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

45. DEFENDANTS FOX and Does 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code § 12940, et seq.

46. The above described actions by Defendants FOX and Does 1 through 100, inclusive, and/or their agents/employees, constitute unlawful FMLA discrimination and interference in violation of the Family and Medical Leave Act, codified in 29 U.S.C. §2615.

47. At all times herein mentioned, DEFENDANTS were "employers" under the Family

9
COMPLAINT

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1 | and Medical Leave Act and, specifically, 29 U.S.C. section 2611(4).

2 |     48. At all times herein mentioned, Plaintiff was an "eligible employee" under the Family

3 | and Medical Leave Act and, specifically, 29 U.S.C. section 2611(2).

4 |     49. DEFENDANTS violated the Family Medical Leave Act by retaliating against

5 | Plaintiff because he sought to exercise and/or did exercise his rights under the Family Medical Leave

6 | Act. In particular, Defendants FOX and Does 1 through 100 took adverse action against Plaintiff,

7 | including, but not limited to, demoting, suspending, providing both written and verbal warnings,

8 | failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing

9 | pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment

10 | because of his exercise of his right to family care and medical leave under the Family Medical Leave

11 | Act.

12 |     50. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and

13 | each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and

14 | was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment

15 | free of retaliation based on the exercise of one's right to family care and medical leave under the

16 | Family Medical Leave Act, so as to entitle Plaintiff to liquidated damages.

17 |     51. As a direct and proximate result of the aforementioned acts and omissions of

18 | DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the

19 | jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of

20 | salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of

21 | damages at the legal rate; and c) other general damages.

22 |     52. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will

23 | incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial,

24 | which are recoverable under 29 U.S.C. §2617(a)(3).

25 |

26 | **FIFTH CAUSE OF ACTION**

27 | **UNLAWFUL ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF**

28 | **THE FAIR EMPLOYMENT AND HOUSING ACT [Government Code §§ 12926 &**

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

10
COMPLAINT

12940, et seq.]

(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox

Entertainment Group, Inc. and DOES 1 to 100, inclusive)

53. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

54. Defendant FOX and Does 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code §§ 12926 and 12940, et seq.

55. At all material times, Plaintiff was a qualified employee associated with a person, namely his wife, who suffered from disabilities that limited one or more major life activities as described herein or, alternatively, a person who DEFENDANTS regarded as suffering from a disability or viewed as having a record of having a disability.

56. Plaintiff was at all times able to perform the essential functions of his job.

57. DEFENDANTS, and each of them, knew of Plaintiff's wife's disabilities and knew, or should have known, that they fell within the definition of disability under Government Code §12926. DEFENDANTS further knew, or should have known, that despite his wife's disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

58. Despite its knowledge of the foregoing, DEFENDANTS took adverse action against Plaintiff, including, but not limited to, demoting, suspending, providing both written and verbal warnings, failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment because of his association with a person, namely his wife, who suffered from disabilities.

59. In engaging in the foregoing conduct, Defendants FOX and Does 1 through 100 aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

60. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

11
COMPLAINT

1    each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and

2    was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment

3    free of discrimination based on his association with a person suffering from disabilities, so as to

4    entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

5        61. As a direct and proximate result of the aforementioned acts and omissions of

6    Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of

7    this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other

8    valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the

9    legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and

10   emotional distress caused by the conduct of Defendant; and d) other general damages.

11       62. As a proximate result of the foregoing conduct, which violated the provisions of

12   Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and

13   costs in the prosecution of this claim, in an amount to be proven at trial.

15                                   **SIXTH CAUSE OF ACTION**

16   **UNLAWFUL ASSOCIATIONAL PREGNANCY DISCRIMINATION IN VIOLATION OF**

17   **THE FAIR EMPLOYMENT AND HOSUING ACT [Government Code §§ 12926 & 12940, et**

18                                              **seq.]]**

19   **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

20                   **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

21       63. Plaintiff restates and incorporates by reference each and every allegation contained in

22   paragraphs 1 through 15, inclusive, as though fully set forth herein.

23       64. Defendants FOX and Does 1 through 100, and/or their agents/employees, are entities

24   or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code §§

25   12926 and 12940, et seq.

26       65. At all material times, Plaintiff was a qualified employee associated with a person,

27   namely his wife, who was pregnant as described herein or, alternatively, a person who

28   DEFENDANTS knew was pregnant and/or had been pregnant.

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

12

COMPLAINT

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

66. Plaintiff was at all times able to perform the essential functions of his job.

67. DEFENDANTS, and each of them, knew of Plaintiff's wife's pregnancy.

68. Despite its knowledge of the foregoing, DEFENDANTS took adverse action against Plaintiff, including, but not limited to, demoting, suspending, providing both written and verbal warnings, failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating his employment because of his association with a person, namely his wife, who was and/or had been pregnant.

69. In engaging in the foregoing conduct, Defendants FOX and Does 1 through 100 aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

70. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination based on his association with a person who was and/or had been pregnant, so as to entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

71. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

72. As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT

13

COMPLAINT

060

## DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF THE FAIR

## EMPLOYMENT AND HOUSING ACT [Government Code § 12940, et seq.]

### (Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox

### Entertainment Group, Inc. and DOES 1 to 100, inclusive)

73. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 73, inclusive, as though fully set forth herein.

74. Defendants FOX and Does 1 through 100, and/or their agents/employees, failed to take all reasonable steps necessary to prevent discrimination and/or retaliation in employment from occurring. Further, said Defendants knew or should have known of the discrimination and/or retaliation against Plaintiff described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination and/or retaliation, and failed to take immediate and appropriate corrective action so as to discipline any of the offenders.

75. The response of Defendants FOX and Does 1 through 100, and/or their agents/employees to that knowledge was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and action and the injuries suffered by Plaintiff.

76. By failing to take all reasonable steps necessary to prevent discrimination and/or retaliation, and by failing to properly investigate and remedy the discrimination and/or retaliation that occurred, Defendants FOX and Does 1 through 100 committed unlawful employment practices as described and prohibited in Government Code §12940(k).

77. In engaging in the aforementioned conduct, DEFENDANTS, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

78. As a direct and foreseeable result of the aforementioned acts and omissions of DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation,

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1   mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general

2   damages.

3          79. The above described acts of DEFENDANTS, by and through their managing agents,

4   officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

5   manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and

6   Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within

7   the meaning of Civil Code §3294. Plaintiff requests an assessment of punitive damages against

8   Defendants, in an amount to be proven at time of trial.

9          80. As a proximate result of the foregoing conduct, which violated the provisions of

10  Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and

11  costs in the prosecution of this claim, in an amount to be proven at trial.

12

13                        **EIGHTH CAUSE OF ACTION**

14           **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

15    **(Against Defendants Fox Group, News America Inc., 21st Century Fox America Inc., Fox**

16                **Entertainment Group, Inc. and DOES 1 to 100, inclusive)**

17         81. Plaintiff restates and incorporates by reference each and every allegation contained in

18  paragraphs 1 through 81, inclusive, as though fully set forth herein.

19         82. DEFENDANTS' termination of Plaintiff's employment violates public policy as set

20  forth in both state and federal laws, including Government Code § 12940, et seq., which prohibit

21  discriminatory and retaliatory practices in the workplace.

22         83. The foregoing conduct engaged in by Defendants FOX and Does 1 through 100, and

23  each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and

24  was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment

25  free of discrimination and retaliation based on the (a) exercise of Plaintiff's rights to family care and

26  medical leave under the California Family Rights Act, (b) exercise of Plaintiff's reights to family

27  care and medical leave under the Family Medical Leave Act, (c) association with a disabled person,

28  and (d) association with a pregnant person, so as to entitle Plaintiff to punitive damages to punish

1   and set an example of said Defendants.

2       84. As a direct and proximate result of the aforementioned acts and omissions of

3   Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of

4   this Court, the exact amount to be proven at trial. Such damages include (a) loss of salary and other

5   valuable employment benefits; (b) pre-judgment interest and interest on the sum of damages at the

6   legal rate; (c) consequential damages, including damages for shame, humiliation, mental anguish,

7   and emotional distress caused by the conduct of Defendants; and (d) other general damages.

8

9

10

11

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

27   \\\

28   \\\

16
COMPLAINT

063

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brian Jun prays judgment against the DEFENDANTS, and each of them, as follows:

A.    For general and special damages according to proof;

B.    For loss of earnings and earning capacity and/or other economic damages, according to proof;

C.    For pre-judgment interest to the extent allowed by law;

D.    For punitive, exemplary, and/or liquidated damages in an amount to punish Defendants or as otherwise allowed by law;

E.    For attorney's fees in prosecuting this action (except on the Eighth Cause of Action);

F.    For permanent injunctive relief to stop the illegal practices complained of above;

G.    For costs of suit; and,

H.    For such other and further relief as the Court deems just and proper.

DATED: March 4, 2015                      Respectfully Submitted,
                                          **YUN & SIMONIAN, PC**


                                          By: _____
                                          Edward Yun, Esq.
                                          Attorney for Plaintiff Brian Jun

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1  **DEMAND FOR JURY TRIAL**

2

3  Plaintiff Brian Jun hereby demands trial by jury on all issues so triable in the Complaint.

4

5

6  DATED: March 4, 2015                    Respectfully Submitted,

7                                          **YUN & SIMONIAN, PC**

8

9

10                             By: _____

11                                 Edward Yun, Esq.
                                   Attorney for Plaintiff Brian Jun

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

18
COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT    **BC 5 7 4 6 4 6**

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Mitchell L. Beckloff | 51 | 511 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Rita Miller | 16 | 306 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Stephanie Bowick | 19 | 311 | Hon Rolf M. Treu | 58 | 516 | |
| Hon Dalila Corral Lyons | 20 | 310 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Samantha Jessner | 31 | 407 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Gregory Alarcon | 36 | 410 | | | | |
| Hon. Marc Marmaro | 37 | 413 | | | | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | | |
| Hon. Elizabeth Feffer | 39 | 415 | | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Debre Katz Weintraub | 47 | 507 | **\*Provisionally Complex Non-Class Action Cases** | | | |
| Hon. Elizabeth Allen White | 48 | 506 | Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Deirdre Hill | 49 | 509 | | | | |
| Hon. John L. Segal | 50 | 508 | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev05/14)    **NOTICE OF CASE ASSIGNMENT –**    Page 1 of 2
LASC Approved 05-06
For Optional Use    **UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

067

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

    The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

    *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

069

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➢ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➢ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

072

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER:</td></tr>
</table>

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
   (INSERT DATE)        (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____    > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date:
_____    > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:
_____    > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:
_____    > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:
_____    > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:
_____    > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:
_____    > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER